NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK (CBN 149883)
Assistant United States Attorney
Chief, Asset Forfeiture Section
312 North Spring Street, 14th Floor
Los Angeles, California 90012
Telephone: (213) 894-6166
Facsimile: (213) 894-0142
E-mail: Steven.Welk@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>REAL PROPERTY LOCATED AT 10681 PRODUCTION AVENUE, FONTANA, CALIFORNIA,<br><br>Defendant. | NO. EDCV 17-1872 DMG (SPx)<br><br>PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE CLAIM OF 10681 PRODUCTION AVENUE, LLC AND ENTER DEFAULT; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF STEVEN R. WELK |
| 10681 PRODUCTION AVENUE, LLC,<br><br>Claimant. | [PROPOSED ORDER LODGED UNDER SEPARATE COVER]<br><br>DATE: October 18, 2019<br>TIME: 9:30 a.m.<br>CTRM: 8C |

PLEASE TAKE NOTICE that on October 18, 2019 at 9:30 a.m., or as soon thereafter as the matter may be heard, plaintiff United States of America ("plaintiff" or "the government") will and hereby does move to strike the claim and

enter the default of claimant 10681 Production Avenue, LLC ("Claimant" or "Production"). The motion shall be heard before the Honorable Dolly M. Gee, United States District Court, Courtroom 8C, 350 W. 1st Street, Los Angeles, California 90012.

This motion is based upon this Notice of Motion and Motion; the attached Memorandum of Points and Authorities and Declaration of Steven R. Welk; all pleadings and papers on file in this action; and such other and further matters as may be presented at any hearing on this Motion, including matters of which the Court may take judicial notice.

On September 4, 2019, government counsel advised Marc Greenberg, Claimant's counsel of record, by email of the government's intent to bring this motion, described the grounds for the motion, and invited Mr. Greenberg to meet and confer pursuant to Local Rule 7-3. *See* Declaration of AUSA Steven R. Welk at ¶ 3. Mr. Greenberg did not respond to government counsel's invitation.

This motion is being served electronically upon Mr. Greenberg and by U.S. Mail on Productions's registered agent for service of process.

DATED: September 16, 2019

NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

/s/ Steven R. Welk
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES .......... ii
MEMORANDUM OF POINTS AND AUTHORITIES .......... 1
I. INTRODUCTION .......... 1
II. PROCEDURAL HISTORY .......... 1
III. ARGUMENT .......... 5
A. Claimant Is Barred From Participating in This Action .......... 5
1. *Claimant lacks the capacity to litigate in any court due to its "suspended" status* .......... 5
2. *Claimant cannot litigate without counsel* .......... 7
B. This Court Should Apply the Fugitive Disentitlement Doctrine to Strike Claimant's Claim and Enter Default Against It .......... 9
1. *Fugitive defendants should be barred from using the courts to pursue or defend against related civil claims* .......... 9
2. *Claimant's claim should be stricken and default entered against it pursuant to § 2466* .......... 11
IV. CONCLUSION .......... 12

# TABLE OF AUTHORITIES

**CASES** **PAGE**

*Bozzio v. EMI Group Ltd.*, 811 F.3d 1144 (9th Cir. 2016) .......... 6

*Broadway v. City of Montgomery*, 530 F.2d 657 (5th Cir. 1976) .......... 9

*CLD Construction Inc. v. City of San Ramon*, 120 Cal. App. 4th 1141 (2004) .......... 8

*Collazos v. United States*, 368 F.3d 190 (2d Cir. 2004) .......... 10

*Conforte v. Commissioner of Internal Revenue*, 692 F.2d 587 (9th Cir. 1982) .......... 9

*Degan v. United States*, 517 U.S. 820 (1996) .......... 9

*Doyle v. United States Dep't of Justice*, 668 F.2d 1365 (D.C. Cir. 1981), *cert. denied*, 455 U.S. 1002 .......... 9

*Gar–Lo, Inc. v. Prudential Savings & Loan Association*, 41 Cal. App. 3d 242 (1974) .......... 6

*Grell v. Laci Le Beau Corp.*, 73 Cal. App. 4th 1300 (1999) .......... 6, 7

*In re Highley*, 459 F.2d 554 (9th Cir.1972) .......... 7

*Kaufman & Broad Communities Inc. v. Performance Plastering, Inc.*, 136 Cal. App. 4th 212 (2006) .......... 6

*Licht v. Am. W. Airlines (In re Am. W. Airlines)*, 40 F.3d 1058 (9th Cir. 1994) .......... 8

*Molinaro v. New Jersey*, 396 U.S. 365 (1970) .......... 9

*Ortega–Rodriguez v. United States*,
507 U.S. 234 (1993) ... 12

*Reed v. Norman*,
48 Cal. 2d 338 (1957) ... 6

*Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*,
506 U.S. 194 (1993) ... 7

*United States v. $6,190.00 in U.S. Currency, et al.*,
581 F.3d 881 (9th Cir. 2009) ... 10, 11

*United States v. $1,231,349.68 in Funds*,
227 F. Supp. 2d 130 (D.D.C.2002) ... 12

*United States v. $1,278,795*,
2006 WL 870364, *2 (S.D. Tex. Mar. 30, 2006) ... 12

*United States v. $1,474,770 in U.S. Currency*,
538 F. Supp. 2d 1298 (S.D. Cal.2008) ... 12

*United States v. $6,976,934.65 Plus Interest*,
486 F. Supp. 2d 37 (D.D.C. 2007) ... 12

*United States v. All Assets Listed in Attachment A (MegaUpload, Ltd.)*,
89 F. Supp. 3d 813 (E.D. Va. 2015) ... 10

*United States v. All That Tract . . . 5054 Stony Point Lake*,
731 F. Supp. 2d 1345 (N.D. Ga. 2010) ... 9

*United States v. Assorted Money Orders Totaling $138,400*,
2010 WL 1438901, *2 (E.D. Mich. Apr. 9, 2010) ... 12

*United States v. High Country Broadcasting Co., Inc.*,
3 F.3d 1244 (9th Cir.1993) ... 7, 8

*United States v. One 1988 Chevrolet Cheyenne Half–Ton Pickup Truck*,
357 F. Supp. 2d 1321 (S.D. Ala.2005) ... 12

*United States v. One Parcel of Real Estate at 7707 S.W. 74th Lane*,
868 F.2d 1214 (11th Cir.1989) ... 12

*United States v. Technodyne LLC*,
753 F.3d 368 (2d Cir. 2014) ....................10, 12

*Weinstock v. Sinatra*,
379 F. Supp. 274 (C.D. Cal. 1974) ....................6

*Woods v. Interstate Realty Co.*,
337 U.S. 535 (1949)....................6

**FEDERAL STATUTES AND RULES**

19 U.S.C. § 1595a(a)....................2

18 U.S.C. § 981(g) ....................3

28 U.S.C. § 2466....................1, 9

Fed. R. Civ. P. 17(b)(2)....................5

Fed. R. Crim. P. 4....................4

Local Rule 83-2.1.1.1....................8

Local Rule 83-2.2.2....................8

Local Rule 83-2.2.4....................8

**STATE STATUTES**

*California Corporation Code* § 171 ....................5

*California Corporation Code* § 200 ....................5

*California Corporation Code* § 2105 ....................5

*California Revenue & Tax Code* § 19719....................7

*California Revenue & Tax Code* § 23301....................6

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Claimant is a Delaware corporation registered in the State of California as a foreign corporation. It is also a defendant in the criminal prosecution entitled *United States v. Liu, et al.*, CR 19-282 RGK ("*Liu*"). In order to appear in a state or federal court in the state of California, either to prosecute or defend a lawsuit, a corporation must satisfy two foundational requirements: first, it must be active (that is, not suspended or forfeited) in California; and second, it must be represented by counsel. Here, Claimant is a foreign corporation that, at the time it filed its claim in this case, satisfied both of these requirements. Currently, however, it satisfies neither, and its claim is properly stricken on each of those bases alone.

In addition, 28 U.S.C. § 2466, colloquially known as the "fugitive disentitlement doctrine," permits a court to strike the claim and/or answer of a civil forfeiture claimant – whether a natural person or organization -- where that claimant is a fugitive from justice under the circumstances prescribed in the statute, which are present here. As noted, Claimant is a defendant in *Liu*, but has refused to appear in that case, despite having been duly served with a summons and instructed to appear. That failure is a separate, independent ground for the striking of Production's claim here.

For the reasons explained below, Production lacks the capacity to defend this action, and equity demands that it not be allowed to defend against the instant forfeiture while simultaneously evading the jurisdiction of this court in the related criminal proceeding. The government respectfully requests that Production's claim be stricken and default entered against it.

## II. PROCEDURAL HISTORY

The government commenced this action on September 14, 2017, seeking the civil forfeiture of the defendant Real Property Located at 10681 Production

Avenue, Fontana, California (the "defendant real property"), on the ground that it is subject to forfeiture pursuant to 19 U.S.C. § 1595a(a) because it was used to conceal and harbor illegally imported aluminum extrusions that had been configured in the shape of pallets for the purpose of avoiding anti-dumping duties, which "pallets" were not, in fact, useable as pallets. *See* Complaint (Docket Number ("DN") 1 at 2-3.[1] The illegal entry of the aluminum into the United States through its misidentification resulted in the avoidance of approximately $1.5 billion in duties by the *Liu* defendants. *Id*. at ¶ 25. Notice of the action was given and published in accordance with law (*see* DN 25 *re* publication notice) and, on October 3, 2017, Claimant filed a timely verified claim, asserting that it was the owner of the defendant real property and intended to contest the forfeiture thereof. DN 13.

The government is informed and believes that, at the time of filing of both the Complaint and the claim, Production was a Delaware corporation that was authorized to do business in the State of California as a registered foreign corporation. The claim was signed by Zhijie Wang ("Wang"), who identified herself as the "ultimate beneficial owner" of the defendant real property which, according to Wang, was "wholly owned by 10681 Production Avenue, LLC, a Delaware Limited Liability Company." *Id*. Wang signed the claim under penalty

---

[1] This case is one of five civil forfeiture cases arising from the same basic universe of facts: U*nited States v. Real Property Located at 1001 S. Doubleday Avenue, Ontario, California*, EDCV 17-1873 DMG (SPx) (Claimant – 1001 Doubleday, LLC); *United States v. Approximately 279,808 Aluminum Structures in the Shape of Pallets*, CV 18-1023 DMG (SPx) (Claimant - Perfectus Aluminum, Inc.); *United States v. Real Property Located at 10681 Production Avenue, Fontana, California*, EDCV 17-1872 DMG (SPx) (Claimant – 10681 Production Avenue, LLC); *United States v. Real Property Located at 14600 Innovation Drive, Riverside, California*, EDCV 17-1875 DMG (SPx) (Claimant – Scuderia Development, LLC); and *United States v. Real Property Located at 2323 Main Street, Irvine, California*, SACV 17-1592 DMG (SPx) (Claimant – Von Karman-Main Street, LLC).

of perjury in her capacity as the managing member of Production. *Id*. The claim was filed by attorney Daniel A. Saunders of Kasowitz Benson Torres LLP. *Id*. No other claims were filed, and the time for filing claims has long since expired. At the same time as the filing of the claim, on October 3, 2017, Claimant also filed a motion to dismiss the complaint. DN 14. That motion, after full briefing, was taken under submission by the Court on November 16, 2017. DN 27.

On January 19, 2018, the government moved to stay the instant action pursuant to 18 U.S.C. § 981(g), on the ground that the case was related to an ongoing federal criminal investigation of the illegal importation of the "pallets," and that proceeding with the forfeiture action was likely to have an adverse effect on the ongoing criminal investigation. DN 28. That motion was withdrawn on February 23, 2018 (DN 31), when the government and Claimant made a joint request that the Court stay the case in light of the ongoing criminal investigation. DN 30. The Court issued an Order staying the action on February 26, 2018, which Order remains in effect. DN 32.

On October 18, 2018, Claimant filed a Request for Approval of Substitution or Withdrawal of Counsel, in which Claimant asked that Marc R. Greenberg (of Tucker Ellis LLP) be substituted in place of Mr. Saunders. DN 35. The Court granted the request in an order of November 5, 2018, relieving Mr. Saunders as counsel and making Mr. Greenberg sole counsel of record for Claimant. DN 36. Mr. Greenberg remains sole counsel of record for Claimant, despite the fact that he advised government counsel in August 2019 that he no longer represents Claimant. See Declaration of AUSA Steven R. Welk ("Welk Decl.") at ¶ 3.[2]

On May 7, 2019, Claimant was among the organizational defendants charged in *Liu* in a 24 count indictment alleging, among other things, conspiracy to

[2] The *Liu* defendants include both natural persons and organizations. Of the latter, most are entities organized and existing under the laws of either Delaware or

commit wire fraud, customs-related fraud, and international promotional money laundering. *See* the *Liu* indictment, a true and correct copy of which is attached as exhibit 1 to the Welk Decl. The charges set out in the *Liu* indictment arise from the same conduct described in the Complaint. The *Liu* Indictment was filed under seal, and remained under seal until July 30, 2019, after which the government served the *Liu* summons on the U.S. entities, including Claimant. Such service was accomplished not only by serving the summons by certified mail on Claimant's registered agent for service of process or organizational officer, as required by Rule 4 of the Federal Rules of Criminal Procedure, but by sending the summons (also by certified mail) to Claimant's then-counsel in connection with the criminal investigation. The details of the government's service of the summons on the U.S. entities is set out in exhibit 2 to the Welk Decl.

On August 6, 2019, government counsel sent an email to Mr. Greenberg, inquiring whether he was willing to accept service of the *Liu* summons for Claimant and the other U.S. entities, on whose behalf he already had appeared in the five related civil forfeiture cases. Mr. Greenberg, who – according to PACER – remains the sole counsel of record for Claimant, replied that he no longer represented any of the claimants in the civil forfeiture cases, and "[had] not represented the listed entities for some time." He further indicated that he intended to "file a notice with the court" regarding the termination of his representation of Claimant. To date, no such notice has been filed. Welk Decl., ¶ 3.

Also on or about August 6, 2019, government counsel undertook efforts to determine Claimant's corporate status in California by making an inquiry on the public website for the California Secretary of State. A search for 10681 Production Avenue, LLC revealed that the entity's status was "FTB Forfeited," meaning that that it had been rendered inactive, either for failure to comply with

---

California. Those defendants, which include Claimant, are referred to collectively herein as "the U.S. entities."

state tax filing requirements, or failure to satisfy state tax obligations.[3] Government counsel made the same inquiry re Claimant's status on September 4th and 16th, 2019, and confirmed that Production remains "FTB Forfeited."[4] Welk Decl., ¶ 5.

## III. ARGUMENT

### A. Claimant Is Barred From Participating in This Action

#### 1. *Claimant lacks the capacity to litigate in any court due to its "forfeited" status*

A corporation is a creature of statute, and exists only because, and to the extent, that laws allow it to exist. In California, state statutes allow the creation of corporations (*see Cal. Corp. Code* § 200), called "domestic" corporations, and the registration of corporations that have been created in other states (*id.*, at §§ 171, 2105), called "foreign" corporations, and define the rights, powers and privileges that those entities are allowed to exercise, including the ability to sue in California, and giving consent to be sued. Claimant here, organized under the laws of Delaware, is registered with the California Secretary of State as a foreign corporation. *See* Welk Decl., exhibit 3.

Federal Rule of Civil Procedure 17(b)(2) provides that the capacity of a corporation to sue or be sued is determined by the law under which it was organized. However, California law provides that a foreign corporation doing business in the state may be forfeited for failure to pay any state "tax, penalty or

---

[3] "Forfeited" is the term used by California to describe registered foreign corporations that have been rendered inactive for failure to comply with state requirements. The equivalent term for domestic (*i.e.*, California) corporations is "Suspended."

[4] The government has also confirmed that Production has failed to pay property taxes on the defendant real property for tax years 2017 and 2018, resulting in unpaid accrued property taxes of $1,958,796.68, as of August 14, 2019. *See* Welk Decl., exhibit 4.

interest, or any portion thereof." *Cal. Rev. & Tax Code* § 23301. "Such forfeiture brings with it the inability to sue or be sued within the state of California." *Weinstock v. Sinatra*, 379 F. Supp. 274, 275 (C.D. Cal. 1974) (listing California state cases). That this prohibition extends to federal courts in the given state was confirmed by the Supreme Court in *Woods v. Interstate Realty Co.*, 337 U.S. 535 (1949), in which the Court held that "where one is barred from recovery in state court, he should likewise be barred in the federal court.'" *Id*. at 538.

While California law generally provides that a corporation exists until it is dissolved, domestic and registered foreign corporations may be suspended or forfeited, respectively, by the California Secretary of State for a variety of reasons. The most significant of these, for purposes of this case, is failure to comply with state tax filing requirements or pay state taxes. *See, e.g., Bozzio v. EMI Group Ltd.*, 811 F.3d 1144, 1149 (9th Cir. 2016), citing *Cal. Rev. & Tax Code* § 23301 (If a corporation doing business in California fails to pay taxes, penalties, interests, or any liability, its corporate powers, rights and privileges will be suspended or forfeited). The inclusion of the initials "FTB" in Claimant's status is a reference to the Franchise Tax Board, and signals that the forfeiture is related to failure to comply with state taxing obligations.

Regardless of the reason for the suspension or forfeiture, however, California law is clear that such status bars the entity from participating in any judicial action. More specifically, the entity cannot sue or defend a lawsuit while it remains in suspended or forfeited status. *Bozzio*, 811 F.3d at 1149, citing *Kaufman & Broad Cmts., Inc. v. Performance Plastering, Inc.*, 136 Cal. App. 4th 212, 39 Cal. Rptr. 3d 33, 36 (2006); *see also Gar–Lo, Inc. v. Prudential Sav. & Loan Ass'n*, 41 Cal. App. 3d 242, 116 Cal. Rptr. 389, 390 (1974) (discussing the effect of suspension under § 23301 on a corporation's right to sue); and *Grell v. Laci Le Beau Corp.*, 73 Cal. App. 4th 1300, 1306 (1999), citing *Reed v. Norman*, 48 Cal. 2d 338 (1957) ("During the period that a corporation is suspended [or forfeited] for

failure to pay taxes, it may not prosecute or defend an action."). The purpose of this rule is to "prohibit the delinquent corporation from enjoying the ordinary privileges of a going concern," and force it to pay its taxes. *Grell*, at 1306 (citations and internal quotation omitted). Indeed, it is unlawful for a suspended or forfeited corporation to exercise or purport to exercise the powers of a corporation suspended for nonpayment of tax. *Cal. Rev. & Tax. Code* § 19719.

As demonstrated in exhibit 3 to the Welk Decl., Claimant is a registered foreign corporation in FTB forfeited status. As a result, it is not only prohibited from defending against the forfeiture here, it is unlawful for it to continue to attempt to do so. Claimant's legal incapacity to participate in any way in litigation justifies the striking of its claim and entry of default against it.

2. *Claimant cannot litigate without counsel*

Separate and apart from the bar on Claimant's continuing participation in this case based on its forfeited status, Claimant is incapable of sustaining a defense in this Court because it is not represented by counsel. While Mr. Greenberg remains counsel of record for Claimant, he has advised government counsel that he no longer represents Claimant, stated that he intends to withdraw from the case, and has stopped communicating with government counsel with respect to this or the related matters.

As noted by the Supreme Court, "[i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) (citation and internal quotations omitted). *See also In re Highley*, 459 F.2d 554, 555 (9th Cir.1972) ("A corporation can appear in a court proceeding only through an attorney at law."); and *United States v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir.1993) ("A corporation may appear in federal court only through licensed counsel."). This long-standing common law rule is a feature of California law as well: "a corporation, unlike a

natural person, cannot represent itself before courts of record *in propria persona*, nor can it represent itself through a corporate officer, director or other employee who is not an attorney. It must be represented by licensed counsel in proceedings before courts of record." *CLD Constr. Inc. v. City of San Ramon*, 120 Cal. App. 4th 1141, 1145 (2004).

Finally, the Local Rules of this Court impose a separate requirement that "an appearance before this Court on behalf of . . . an organization . . . may be made only by members of the Bar of this Court." L.R. 83-2.1.1.1. "No organization of entity of any other kind (including corporations, limited liability corporations, partnerships, limited liability partnerships, unincorporated associations, [or] trusts) may appear in any action or proceeding unless represented by an attorney permitted to practice before this Court." L.R. 83-2.2.2. Claimant here is a limited liability corporation registered with the California Secretary of State as a foreign corporation. It falls within the scope of all of these authorities, and is in violation of all of them – in fact, if not as a matter of record. Failure to comply with these rules "may be grounds for dismissal or judgment by default." L.R. 83-2.2.4.

Dismissal of the claims of, and/or entry of default against, an unrepresented organization is proper because the representation requirement applicable to organizational parties is absolute, whether the organization is seeking affirmative relief or defending against the claim of another. *See Licht v. Am. W. Airlines (In re Am. W. Airlines)*, 40 F.3d 1058, 1059 (9th Cir. 1994); *High Country Broadcasting*, 3 F.3d at 1245 (court properly entered default judgment against unrepresented corporation). Here, while counsel has appeared on behalf of Claimant, said counsel has since disavowed such representation and has stopped communicating with the government. The government respectfully requests that Claimant's claim be stricken and default entered against it on this ground as well.

/ / /

/ / /

**B. This Court Should Apply the Fugitive Disentitlement Doctrine to Strike Claimant's Claim and Enter Default Against It**

1. *Fugitive defendants should be barred from using the courts to pursue or defend against related civil claims*

The fugitive disentitlement doctrine bars a fugitive from a criminal prosecution from availing itself of the resources of the Court in related civil matters. The doctrine was first fashioned in *Molinaro v. New Jersey*, 396 U.S. 365 (1970), in which the Court refused to entertain an appeal on behalf of a convicted felon who had become a fugitive during the pendency of his criminal appeal. Courts gradually extended the doctrine to disentitle fugitives from participating in a variety of civil proceedings related to their criminal cases. *See, e.g., Conforte v. Commissioner of Internal Revenue*, 692 F.2d 587 (9th Cir. 1982) (taxpayer who fled after conviction on criminal tax evasion charges not entitled to prosecute appeal of tax court determination of tax deficiencies and penalties); *Doyle v. United States Dep't of Justice*, 668 F.2d 1365 (D.C. Cir. 1981) (fugitive not entitled to seek judicial relief under Freedom of Information Act), *cert. denied*, 455 U.S. 1002; and *Broadway v. City of Montgomery*, 530 F.2d 657 (5th Cir. 1976) (court of appeals refused to decide appeal of fugitive seeking damages and injunctive relief for illegal wiretap).

In 1996, however, the Court held that while Congress *could* render the doctrine applicable to claimants in civil forfeiture cases, its failure to have done so explicitly made it inappropriate to apply the doctrine in that context. *Degan v. United States*, 517 U.S. 820, 828 (1996). Congress acted on the Court's suggestion in 2000 with the enactment of 28 U.S.C. § 2466, which "reinstated the use of the fugitive disentitlement doctrine" in civil judicial forfeiture cases. *United States v. All That Tract . . . 5054 Stony Point Lake*, 731 F. Supp. 2d 1345, 1349 (N.D. Ga. 2010). Since that time, numerous courts, including the Ninth Circuit, have found that the doctrine is properly applied to preclude fugitives from litigating judicial

civil forfeiture claims. *See, e.g., United States v. $6,190.00 in U.S. Currency, et al.*, 581 F.3d 881, 888 (9th Cir. 2009); *Collazos v. United States*, 368 F.3d 190, 198-99 (2d Cir. 2004).

Section 2466(a) empowers (but does not require) a court to "disallow a person from using the resources of the courts of the United States in furtherance of a claim in any related civil forfeiture action" upon finding that "after notice or knowledge of the fact that a warrant or process has been issued for his apprehension, [and] in order to avoid prosecution," the person either purposely leaves the jurisdiction of the United States, declines to enter or re-enter the United States to submit to its jurisdiction, or "otherwise evades the jurisdiction of the court in which a criminal case is pending against the person," so long as the person is not confined or held in custody in any other jurisdiction for commission of criminal conduct in that jurisdiction. Subsection (b) extends the remedy set out in subsection (a) to organizational claimants, such as Claimant here.[5]

While application of the doctrine is discretionary, courts have enforced it regularly where the elements have been shown. The enactment of § 2466 has been characterized as an attempt by Congress "to bar the 'unseemly spectacle' of allowing an accused to absent himself deliberately in order to avoid prosecution in the United States while using United States courts to retrieve the proceeds of his crime." *United States v. Technodyne LLC*, 753 F.3d 368, 385-86 (2d Cir. 2014) (quoting *Collazos*, 368 F.3d at 200). Courts have also demonstrated a reluctance to grant fugitive claimants relief from the bar for reasons not provided for in the statute itself (such as the fugitive being incapable of submitting to U.S. jurisdiction because he is in custody elsewhere, for example). "It would defy logic to infer that Congress *sub silentio* intended to allow the fugitive to create such an abomination" by providing some other excuse for its fugitive status. *Id*. at 386.

---

[5] *See United States v. All Assets Listed in Attachment A (MegaUpload, Ltd.)*, 89 F. Supp. 3d 813, 828 (E.D. Va. 2015).

The Ninth Circuit has articulated the statutory requirements of § 2466(a) as a five-part test: (1) a warrant or similar process must have been issued in a criminal case for the claimant's apprehension; (2) the claimant must have had notice or knowledge of the warrant or process; (3) the criminal case must be related to the forfeiture action; (4) the claimant must not be confined or otherwise held in custody in another jurisdiction; and (5) the claimant must have deliberately avoided criminal prosecution by leaving the United States, declining to enter or reenter the country, or otherwise evading the criminal court's jurisdiction. *$6,190 in U.S. Currency*, 581 F.3d at 886.

2. *Claimant's claim should be stricken and default entered against it pursuant to § 2466*

The requirements for application of the fugitive disentitlement doctrine are satisfied here. Claimant is a defendant in *Liu* and a summons was issued against it, satisfying the first element. *See* Welk Decl., exhibit 2. The summons was executed through service on Claimant's registered agent for service of process and Claimant's counsel, satisfying the second element. *Id*. Government counsel was thereafter contacted by attorney Robert Ruyak, who advised that he represented the U.S. entities for the purpose of attempting to "resolve the matter," and that he was aware of the required appearance by the U.S. entities in *Liu* on August 26, but that the scope of his representation did not include making that appearance on their behalf, confirming the satisfaction of the second element. *Id*. Both the instant matter and *Liu* arise from the illegal importation of aluminum extrusions and the related avoidance of duties, satisfying the third element. *See* the *Liu* indictment and the complaint herein. As an organizational defendant organized in the United States, Claimant cannot be (and is not) confined in another jurisdiction, satisfying the fourth element. Finally, by failing to appear in *Liu* as ordered by the summons, Claimant has actively avoided the criminal court's jurisdiction, satisfying the fifth element.

A motion to strike is the appropriate procedural vehicle for applying the fugitive disentitlement doctrine. *See Technodyne*, 753 F.3d at 377; *United States v. Assorted Money Orders Totaling $138,400*, 2010 WL 1438901, *2 (E.D.Mich. Apr. 9, 2010); *United States v. $1,474,770 in U.S. Currency*, 538 F. Supp. 2d 1298, 1302 (S.D.Cal.2008); *United States v. $1,278,795*, 2006 WL 870364, *2 (S.D.Tex. Mar. 30, 2006) (treating motion to strike claim pursuant to fugitive disentitlement doctrine as motion to dismiss and dismissing fugitive's claim, as well as granting summary judgment on the merits); *United States v. One 1988 Chevrolet Cheyenne Half–Ton Pickup Truck*, 357 F. Supp. 2d 1321, 1333 (S.D.Ala.2005); and *United States v. $1,231,349.68 in Funds*, 227 F. Supp. 2d 130, 133 (D.D.C.2002).

Finally, the Court need not address the merits of Claimant's potential defenses to forfeiture before applying the disentitlement doctrine, as the circumstances present the fundamental question whether a fugitive should be entitled to avail itself of the court's resources in a civil proceeding arising from the same facts as a criminal charge to which it has actively avoided subjecting itself. *See Ortega–Rodriguez v. United States*, 507 U.S. 234, 246, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993) (as a fugitive from justice, a claimant "has demonstrated disrespect for the legal process [and] has no right to call upon the court to adjudicate his [related civil] claim"); and *United States v. $6,976,934.65 Plus Interest*, 486 F. Supp. 2d 37, 38 (D.D.C. 2007) (fugitive disentitlement doctrine "bars a claimant from invoking judicial process and waives all of [its] defenses" – if disentitlement applies, the case becomes, "'by operation of the fugitive [disentitlement] doctrine, an uncontested action.'" (quoting *United States v. One Parcel of Real Estate at 7707 S.W. 74th Lane*, 868 F.2d 1214, 1217 (11th Cir.1989)).

## IV. CONCLUSION

For the reasons explained above, the government respectfully requests that the Court enter the proposed order lodged herewith, striking Claimant's claim and

entering default against it on one or all of three separate bases: its forfeited status; its lack of adequate representation; and the fugitive disentitlement doctrine.

DATED: September 16, 2019

NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

/s/ Steven R. Welk
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA